discovered or should have discovered that the actual mileage on the vehicle was 70,843. Assuming, as the Fieldses contend, that they did not discover the odometer discrepancy until September 1992, the action was commenced within the two-year limitation period. Accordingly, it was improper for the circuit court to grant summary judgment on the basis that the claim was time-barred.

The order of summary judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and ULRICH and ELLIS, JJ.

### ORDER

PER CURIAM:

Appeal from jury conviction, sentence therefrom as well as denial of Rule 29.15 motion.

Affirmed. Rules 84.16(b) and 30.25(b).

---

**STATE of Missouri, Respondent,**

v.

**Larry D. GRINDER, Appellant.**

**Larry D. GRINDER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 45661, WD 49956.**

Missouri Court of Appeals, Western District.

Oct. 31, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

---

**Larnell WATSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 51063.**

Missouri Court of Appeals, Western District.

Oct. 31, 1995.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for respondent.

Before SMART, P.J., and LOWENSTEIN and BERREY, JJ.